IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 5:25-cr-40036-TC |
| LEONARD RRAPAJ, | |
| Defendant. | |

RESPONSE TO DEFENDANT'S
MOTION FOR RETURN OF PROPERTY

The United States of America, by and through Assistant United States Attorney, Lindsey C. Debenham, requests the Court deny the Defendant's Motion for Return of Property (Doc. 41).

PROCEDURAL SUMMARY

On June 6, 2025, after execution of a search warrant, a Complaint was filed alleging the defendant illegal possessed a machine gun, in violation of 18 U.S.C. 922(o). Doc. 1. An Indictment charging the same allegation was filed June 10, 2025. Doc. 10. The defendant is currently in custody following a revocation hearing before Magistrate Judge Rachael Schwartz. Doc. 39 and 40. The defendant then filed the present motion requesting return of property September 5, 2025. Doc. 41.

RELEVANT FACTS

Law enforcement has been conducting an investigation into Leonard Rrapaj related to his activities and operation of the Topeka Sports Cabaret. On June 6, 2025, the government executed a search warrant for the Topeka Sports Cabaret at 4216 NE Seward Ave., and the next-door residence with the address of 4230 NE Seward Ave., both in Topeka, Kansas. Both are owned and operated by Leonard Rrapaj. These warrants sought evidence of a number of crimes

(firearm offenses, violent crimes, and money laundering to name a few). The Topeka Sports Cabaret is an adult entertainment club (also colloquially known as a "strip club"). During the search warrant the government seized multiple devices and electronics, over 41 firearms of various types, ammunition of various caliber and quantities, firearm magazines, additional firearm parts, bulk quantities of cash, and business paperwork. Of the firearms seized, it included the machine gun at issue in the present case (a firearm with an attached Glock switch). A large portion of the money that was seized, approximately 1 million dollars was hidden behind wall in the upstairs apartment/gym of the Topeka Sports Cabaret; it was sealed in vacuum sealed packaging and divided into approximately $10,000 quantities of large bill denominations that were rubber banded. This U.S. Currency appeared to be old, and the rubber bands were brittle and indenting into the currency. The government did not seize any watches or jewelry, that has not already been returned.

## ARGUMENTS AND AUTHORITIES

Fed. R. Crim. P. 41(g) allows "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property [to] move for the property's return… If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings." It is well settled that the government is permitted to seize evidence for use in investigations and trial. *Warden v. Hayden*, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).

"Whether a Rule 41(g) motion is filed pre-indictment or post-conviction, it remains an equitable remedy. As an equitable remedy, Rule 41(g) motions should be undertaken with caution and restraint. A court should afford such equitable relief only if the movant shows irreparable harm and an inadequate remedy at law." *United States v. Edwards*, No. 16-CR-

20070-SRB, 2020 WL 5038890, at *2 (D. Kan. Aug. 26, 2020) (Internal citations omitted); *Floyd v. United States,* 860 F.2d 999, 1003 (10th Cir.1988); *Clymore v. United States,* 164 F.3d 569, 571 (10th Cir.1999); *United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006); *United States v. Bacon*, 900 F.3d 1234, 1237 (10th Cir. 2018)."Absent a showing of an inadequate remedy at law and irreparable harm, Rule 41(g) relief is not warranted." *United States v. Chaudary,* No. 12-20123-CM, 2013 WL 3895285, at *1 (D. Kan. July 29, 2013), *See also Bacon*, 900 F.3d at 1234.

At the pre-indictment stage, the defendant bears the burden of establishing the unreasonableness of the government's retention of the property. *Edwards*, No. 16-CR-20070-SRB, 2020 WL 5038890, at *2 (D. Kan. Aug. 26, 2020). "Generally, a Rule 41(e) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." *Clymore*, 245 F.3d at 1201[1] (citing *United States v. Chambers*, 192 F.3d 274 (3d. Cir. 1999).

The defendant is requesting the return of U.S. Currency, firearms and ammunition, surveillance equipment, and watches and jewelry. In the instant matter, the proceedings are in the investigation stage, therefore the defendant bears the burden of showing both there is an inadequate remedy at law and irreparable harm. The defendant has failed to meet his burden.

1. **Adequate remedy at law.**

The defendant does not address whether they have an adequate remedy at law, therefore the Court does not have a basis to determine whether there is an adequate remedy at law. The

---

[1] *Clymore* addressed a former version of Rule 41(g), which was previously codified as Rule 41(e). While the rule has been modified, the Tenth Circuit still applies its precedent interpreting the former rule. *United States v. Toombs*, No. 22-3191, 2023 WL 3883958, at *2 (10th Cir. June 8, 2023).

government would supply, this matter is still in the investigation state, therefore there remains future opportunities for the defendant to pursue this issue, when it is timely.

    **2. Irreparable harm.**

"Irreparable harm refers to circumstances in which a Rule 41(g) movant cannot wait for a legal remedy, thus justifying the court's equitable jurisdiction." *Chaudary*, No. 12-20123-CM, 2013 WL 3895285, at *1 (D. Kansas. July 29, 2013) (cleaned up); *See also Floyd*, 860 F.3d at 1006. "The threat of imminent criminal prosecution is not irreparable harm." *Matter of 636 S. 66th Terrace, Kansas City, Kan.*, 835 F. Supp. 1304, 1306 (D. Kan. 1993) (citing *Blinder, Robinson & Co., Inc. v. United States,* 897 F.2d 1549, 1557 (10th Cir. 1990)). Postponement or denial of First Amendment rights or invasion of attorney-client privilege may be a basis for irreparable harm. *Matter of Search of Kitty's East,* 905 F.2d 1370, 1371 (10th Cir. 1990); *636 S. 66th Terrace,* 835 F. Supp. at 1306.

The defendant has failed to address that he is irreparably harmed by the government maintaining the evidence seized in this matter. Therefore, the Court does not have a sufficient basis to determine if there is irreparable harm.

Regardless, the government submits it has a continuing legitimate interest in items seized pursuant to a valid search warrant. Defense counsel mischaracterizes the status of the government's investigation. In June 2025, law enforcement executed a search warrant on the Topeka Sports Cabaret, and while in some instances an executed search warrant may be the conclusion of an investigation, that is not always the case and heavily depends on crimes being investigated. In this instance, it was not a conclusion of the investigation. However, when law enforcement executed a search warrant, they located a machine gun, which is the current basis for the pending 922(o) offense. However, the government is still investigating other criminal

matters related to Mr. Rrapaj and his business and actively pursuing investigative measures related to the money, firearms, and electronic data.

The defendant focuses heavily on the amount of time that as elapsed from the June 6, 2025, to present, and the government's movements regarding other investigations. However, in the grand picture, this has not been a lengthy period of time. Further, the items seized and the investigation into additional potential offenses take time, more time than the approximate three months that has elapsed, to allow for review and testing of the items. Returning these items is unreasonable at this stage and interferes with the government's ongoing investigation.

Defense cites to the 1989 Advisory Committee Notes to Rule 41 for support in allowing return of the items, when the government can preserve a copy for future use. That is not acceptable in this instance regarding the evidence the government seized from the Topeka Sports Cabaret.

Specifically, to the currency, the state of the money holds evidentiary value. On this same note, the fact that it was located in vacuum sealed bags hidden behind a wall, suggests it was not being used for day-to-day operations. The government notes, the money and the condition it was located in, is not sufficient to just document and return. These items need to be available to the government for evidentiary purposes for future criminal matters.

Defendant suggests the government should turn over evidence to the Hold My Gun 501(c)(3). These is unreasonable and not feasible. The government maintains these items are evidence and should remain in government possession until a conclusion of the criminal matters or any accompanying forfeiture matters. There is nothing to ensure that if these items were given to the 501(c)(3) they would still be readily accessible to the government for evidentiary purposes.

As it relates to the surveillance items, the government is aware when the Topeka Police Department executed their search warrant on August 18, 2025, defendant had already replaced the surveillance equipment that was seized by the government. Whether the Topeka Police Department maintains that it is outside the government's purview. But it does suggest, he is not irreparably harmed by the government maintaining these items of evidence as he was capable of replacing said items.

The government also notes, returning any of these items may create a chain of custody issue for the government at later prosecutions.

Again, it is the defendant's burden to show irreparable harm, but his motion is lacking. As it relates to the physical evidence, the defendant is in custody and can't take possession of these items. He cannot show he is irreparably harmed by the government maintaining these items. The government, on the other hand, maintains an evidentiary interest in these items and return of said items would detrimentally impact the government's investigation.

3. **Defendant's Cases.**

The government next turns to address the cases cited by defendant's motion. Primarily, the defendant relies on two cases for support - *United States v. Premises Known as 608 Taylor Avenue, Apartment 302, Pittsburgh, Penn.*, 584 F.2d 1297 (3rd Cir. 1978) and *United States v. Lamplugh*, 956 F. Supp. 1204 (M.D.Pa. Mar. 4, 1997). These two out of district cases apply a standard which weighs "the interests of the government in holding the property against the owner's rights to use the property." *Chaim v. United States,* 692 F. Supp. 2d 461, 267 (D.N.J. Mar. 3, 2010). This standard considers factors such as whether the property is needed as evidence or for an investigation, and the timeliness of government action. *Id*. It "does not require the movant to show: (1) that it does not have another adequate remedy at law; and (2) that it will

suffer irreparable harm if return of the property is not granted." *Id*. For that reason it is in direct conflict with Tenth Circuit standards.

However, even under this standard the defendant's claim fails. Specifically, because the government maintains a legitimate evidentiary interest in the property related to an ongoing investigation and limited time has elapsed.

Finally, the defense cites to 18 U.S.C. § 983 as imposing a 60-day timeline for civil forfeiture, but this is incorrectly applied to the current case. "By its terms, 18 U.S.C. § 983 applies only to 'property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute' " not seizures made pursuant to a search warrant.' " *Chaim*, 692 F.Supp.2d at 466 (D.N.J. Mar. 3, 2010) (citing *Celata v. United States*, 334 Fed.Appx. 801, 802 (9th Cir. 2009). Further, there is not a statutory deadline to file a civil forfeiture, just a statute of limitations of five years under 19 USC § 1621.

### 4. Property not seized or possessed by the Government.

The defendant has alleged the government seized watches and jewelry. "The federal government can't return property it doesn't possess. And the United States owes no duty to return property seized by others." *United States v. Ushamba*, No. 19-20012-01-DDC, 2024 WL 4803862, at *1 (D. Kan. Nov. 15, 2024). The government did not seize watches or jewelry from the defendant; therefore, the government cannot return said property. The government would note, when the defendant was arrested on June 6, he was wearing a gold necklace with a lion. This item was returned to the defendant's prior counsel – Hunter Lindquist.

## CONCLUSION

The defendant has failed to establish there is an inadequate remedy at law or that there the defendant will suffer irreparable harm in the government's retention of evidence. Further, the government has a legitimate investigative interest in the items seized.

WHEREFORE, the United States requests the Court to enter an order denying the Defendant's Motion for Return of Property (Doc. 41).

Respectfully submitted,

**Ryan A. Kriegshauser**
United States Attorney
District of Kansas

/s/ *Lindsey C. Debenham*
Lindsey C. Debenham
Assistant United States Attorney
444 SE Quincy, Suite 290
Topeka, Kansas 66683
(785) 295-2680
(785) 295-2853 (fax)
Ks. S. Ct. No. 27574
Lindsey.Debenham@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2025, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following: any attorney entering their appearance on behalf of a defendant in the above captioned case.

*/s/ Lindsey C. Debenham*
Lindsey C. Debenham
Assistant United States Attorney